SUMMERS, Justice
(dissenting).
Miller v. California, 413 U.S. 15, 93 S. Ct. 2607, 37 L.Ed.2d 419 (1973), did not mandate the invalidity of our obscenity laws. La.R.S. 14:106. To the contrary, by that decision the United States Supreme Court' prescribed broad guidelines which would permit this Court to interpret Louisiana’s obscenity statutes in such a manner that they would meet constitutional standards. The Miller Case made it quite clear that that court was prepared to accept any reasonable interpretation which the State’s highest Court would place on its *298 obscenity laws. But this Court’s majority ■did not interpret our laws in that spirit. Instead it decided that the language of our obscenity statute was vague and over-broad. In doing so the Court imposed upon the legislature an obligation of strict specificity which is in fact unattainable in any statute seeking to proscribe obscenity. By the very nature of this offense a common sense view of the statute is required. The offender knows when he crosses the line between patently obscene and non-obscene displays or publications, and it is unrealistic to quibble about whether the accused received adequate notice of the proscribed conduct. No one would contend the material here was not obscene.
In placing the task of interpretation on this Court, the United States Supreme Court also placed the responsibility on this Court for upholding or invalidating Louisiana’s obscenity laws. It will not do to say that the United States Supreme Court decision in Miller v. California was responsible for striking down Louisiana’s obscenity laws. That responsibility was from the moment of the decision in State v. Shreveport News Agency, Inc., 287 So.2d 464 (La.1973), and its companion cases, the responsibility of the four-man majority of this Court. That responsibility continues to reside there.
In refusing to review this Court’s decisions in these cases the United States Supreme Court confirmed its determination in Miller v. California to leave the interpretation of state obscenity laws to the state’s highest court.